**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**



UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:05cr17

MONTA OLANDER JORDAN

### MEMORANDUM OPINION

The matter is before the Court on Monta Olander Jordan "MOTION PURSUANT TO FEDERAL RULES CIVIL PROCEDURE 60(b)(6)" ("Rule 60(b)(6) Motion" (ECF No. 190)). For the reasons set forth below, Jordan's Rule 60(b)(6) Motion will be denied.

### I. PROCEDURAL HISTORY

On October 21, 2005, the Court sentenced Jordan to ninety-six (96) months of imprisonment for assault resulting in serious bodily injury, a charge that flowed from Jordan's participation in an attack on a fellow inmate at the Federal Correctional Institution at Petersburg, Virginia. (ECF No. 102.) By Memorandum Opinion and Order entered on October 1, 2010, the Court granted Jordan's Amended 28 U.S.C. § 2255 Motion.[1] (ECF Nos. 177-88.) Pursuant to the parties' Supplemental Agreed Resolution of Defendant's Petition Under 28 U.S.C. § 2255:

> [T]he Parties further agree[d] that the 57-month sentence, or any sentence imposed by the Court, is

---

[1] The Government and counsel for Jordan reached an agreed resolution of Jordan's Amended § 2255 Motion.

subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C), which provides that "in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Additionally, any term of imprisonment ordered by the Court shall take effect 10 days, from the date that the Court's order is entered, in order to give the Bureau of Prisons ample time to process the defendant.

(Supp'l Agreed Resolution Def.'s Pet. Under 28 U.S.C. § 2255, at 1-2, ECF No. 176.) By Order entered on October 1, 2010, the Court reduced Jordan's term of imprisonment from ninety-six (96) to fifty-seven (57) months. (ECF No. 180, at 1.) The Court further stated that the Order is subject to the prohibition contained in USSG § 1B1.10(b)(2)(C), in that "'in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.'" (Id. (quoting USSG § 1B1.10(b)(2)(C)).)

On July 26, 2012, the Court received a Letter Motion from Jordan. (Letter Mot., ECF No. 186.) Jordan represented that following the reduction of his sentence on October 1, 2010, he was released from prison on October 10, 2010. (Id. at 1.) Subsequently, Jordan violated the terms of his supervised release and is now incarcerated in the Federal Bureau of Prisons. (Id. at 1-2.) In his July 26, 2012 Letter Motion, Jordan requested that the Court alter the October 1, 2010 Order to remove the reference to USSG § 1B1.10(b)(2)(C). (Id. at 4-

2

5.)   By Memorandum Order entered on October 9, 2012, the Court denied Jordan's Letter Motion because he failed to identify a procedural vehicle that authorized the action he sought. (ECF No. 188, at 2-3.)

On December 3, 2012, the Court received Jordan's Rule 60(b)(6) Motion. In his Rule 60(b)(6) Motion, Jordan once again requests that the Court alter the October 1, 2010 Order to remove the reference to USSG § 1B1.10(b)(2)(C). Jordan insists the reference to the above section is inappropriate because "USSG 1B1.10(b)(2)(C) is exclusively a remedy authorized 'only' pursuant to [motions under] Title [18] U.S.C. [§] 3582(c)(2)." (Rule 60(b)(6) Mot. at 4 (citations omitted).)[2]

---

[2] Title 18 section 3582(c)(2) provides:

**(c) Modification of an imposed term of imprisonment.—** The court may not modify a term of imprisonment once it has been imposed except that— . . .
   **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

3

## II.   RELIEF UNDER RULE 60(B)(6)

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(6)). Relief under Rule 60(b)(6) is reserved "only [for] truly 'extraordinary circumstances.'" Id. at 501. Therefore, the United States Court of Appeals for the Fourth Circuit has "required—in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on 'just terms' and within 'a reasonable time'—that the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside. Id. (citing Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993)). Furthermore, "if reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," then Rule 60(b)(6) relief is not available. Id. (citations omitted). Additionally, "strategic decisions made during the course of litigation provide no basis for relief under 60(b)(6), even though with hindsight they [might] appear wrong." Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992) (citing Ackermann v. United States, 340 U.S. 193 (1950)).

4

Jordan insists relief under Rule 60(b)(6) is warranted because the October 1, 2010 Order references USSG § 1B1.10(b)(2)(C), which he contends only applies to motions filed under 18 U.S.C. § 3582(c). (Rule 60(b)(6) 4-7.) To the extent Jordan thought the reference to this section was inappropriate, he could have and should have raised the issue on appeal. Thus, Rule 60(b)(6) relief is not available. Aikens, 652 F.3d at 501 (citations omitted).[3]

Moreover, Jordan's present dissatisfaction with the settlement of his § 2255 Motion provides no basis for relief under Rule 60(b)(6). Schwartz, 976 F.2d at 218. Jordan, with the assistance of counsel, negotiated a settlement to his § 2255 Motion that reduced his term of imprisonment for his assault charge to fifty-seven (57) months and gained his almost immediate release from confinement. By the terms of the agreement, Jordan waived any right to apply any time he may have over-served on the assault charge to any future term of imprisonment. Jordan's post hoc desire to revise the terms of his agreement fails to constitute an extraordinary circumstance warranting the Court's exercise of its equitable powers under Federal Rule of Civil Procedure 60(b)(6). See id. at 218-19

---

[3] Additionally, Jordan waited an unreasonable amount of time to bring his Rule 60(b)(6) Motion.

(concluding Rule 60(b)(6) relief not warranted to relieve a party from the terms of his or her agreement to settle a case). Accordingly, Jordan's Rule 60(b)(6) Motion will be denied. Jordan's motions for an expedited ruling on his Rule 60(b)(6) Motion (ECF Nos. 191-92) will be granted. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Jordan and counsel for the United States.

An appropriate Order shall issue.

　　　　　　　　　　　　　　　　　　　/s/　　　*REP*

Robert E. Payne
Senior United States District Judge

Date: *November 5, 2013*
Richmond, Virginia